Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-5101
Telephone: (516) 303-0552

United States District Court
Southern District of New York                                1:20-cv-06550

| Kisha Watson, individually and on behalf of all others similarly situated, | |
|---|---|
| Plaintiff, | |
| - against - | Class Action Complaint |
| Dietz & Watson, Inc., | |
| Defendant | |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Dietz & Watson, Inc. ("defendant") manufactures, distributes, markets, labels and sells wedges of Gouda cheese purporting to have been smoked under its Dietz & Watson brand ("Product").

2. The Product is available to consumers from retail and online stores of third-parties and is sold in wedges of 7.6 OZ.

3. The relevant front label representations include "Dietz & Watson," "Artisan Cheeses" and "Smoked Gouda."



4. The representations are misleading because the Product gets its smoke flavor not from being smoked but through the addition of smoke flavor.

5. Flavoring is one of the most important and expensive ingredients in a food.

6. Nielsen has reported that 62% of consumers say they try to avoid artificial flavors.[1]

7. New Hope Network concluded that "71% of consumers today are avoiding artificial flavors."[2]

8. Label Insight determined that 76% of consumers avoid products with artificial flavors.[3]

9. According to recent food industry reports, "Food companies are dropping artificial

---

[1] Nielsen, Reaching For Real Ingredients: Avoiding The Artificial, Sept. 6, 2016.
[2] Alex Smolokoff, Natural color and flavor trends in food and beverage, Natural Products Insider, Oct. 11, 2019.
[3] Thea Bourianne, Exploring today's top ingredient trends and how they fit into our health-conscious world, March 26-28, 2018.

flavors, coloring, preservatives and other additives with scary names and focusing more on natural, wholesome and fresh ingredients."[4]

10. Consumers prefer foods which obtain their flavor through the presence of a characterizing food ingredient or a process that provides that flavor, i.e., strawberries in a strawberry shortcake or from being smoked in a smokehouse. *See* 21 C.F.R. § 101.22(i)(1)[5] (flavor truthfully labeled as "Strawberry").

11. Smoking is a method of food preparation (and preservation) where a food is cooked over a fire that containing various kinds of wood chips.

12. The wood chips provide unique and powerful flavors, based on the type of wood used.

13. For example, hickory wood chips – from deciduous hardwood trees of the genus *Carya* – are often used for providing hearty yet sweet flavors to nuts and meat.

14. Since the Product designates its characterizing flavor as "smoke[d]" without any qualifying terms – flavor, flavored, natural smoke flavor, artificial smoke flavored – consumers get the impression that its smoke taste from being smoked. *See* 21 C.F.R. § 101.22(i)(1) (describing a food which contains no simulating artificial flavor and not subject to 21 C.F.R. § 101.22(i)(1)(i)-(iii)).

15. No reasonable consumer would be instinctively distrustful or skeptical of a product labeled "Smoked Gouda" such that they would be inclined to verify whether the ingredient list disclosed a "smoke flavor."

16. "Smoked Gouda" that gets its smoked flavor from being smoked is not an unheard

---

[4] Jeff Daniels, Why your favorite foods may be getting new recipes, CNBC, September 19, 2016
[5] New York State has adopted all federal regulations for food labeling through its Agriculture and Markets Law ("AGM") and accompanying regulations. See Title 1, Official Compilation of Codes, Rules and Regulations of the State of New York ("NYCRR").

of or rare delicacy that it would make a reasonable consumer "double check" the veracity of the prominent front label claims.

17. However, the Product's smoked taste is provided by "Natural Smoke Flavoring" instead of from being smoked, indicated in the small print on the ingredient list.

**INGREDIENTS:** GOUDA CHEESE (PASTEURIZED PART SKIM MILK, CULTURES, SALT, ENZYMES, ANNATTO), TRISODIUM CITRATE, ==NATURAL SMOKE FLAVORING==.

18. Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiffs and consumers.

19. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiffs.

20. The value of the Product that plaintiffs purchased and consumed was materially less than its value as represented by defendant.

21. Had plaintiffs and class members known the truth, they would not have bought the Product or would have paid less for them.

22. As a result of the false and misleading labeling, the Product is an sold at a premium price, approximately no less than $3.79 for wedges of 7.6 OZ, excluding tax, compared to other similar products represented in a non-misleading way.

## Jurisdiction and Venue

23. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

24. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

25. Plaintiff Kisha Watson is a citizen of New York.

26. Defendant Dietz & Watson, Inc., is a New Jersey corporation with a principal place of business in Philadelphia, Philadelphia County, Pennsylvania and is a citizen of Pennsylvania.

27. "Minimal diversity" exists because plaintiff Kisha Watson and defendant are citizens of different states.

28. Upon information and belief, sales of the Product in New York exceed $5 million per year, exclusive of interest and costs.

29. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this District, *viz*, the decision of Plaintiff to purchase the Product and the misleading representations and/or their recognition as such.

30. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

## Parties

31. Plaintiff is a citizen of New York, New York County, New York.

32. Defendant Dietz & Watson, Inc. is a New Jersey corporation with a principal place of business in Philadelphia, Pennsylvania, Philadelphia County.

33. Defendant is one of the oldest and most distinguished purveyors of fine cheese and

deli meats in the nation, having been in business for close to, or over, one hundred years.

34. Defendant's products, including the Smoked Gouda, are sold in thousands of locations including delis, grocery stores, retailers, online sellers, etc., within this State and across the United States.

35. During the relevant statutes of limitations, plaintiff purchased the Product within her district and/or State for personal and household consumption and/or use in reliance on the representations.

36. Plaintiff purchased the Smoked Gouda Product on multiple occasions, including in the fall of 2019, around Thanksgiving, at one or more locations, which may include Pioneer Supermarket, 380 Lenox Avenue, New York NY 10027-2381

37. Plaintiff bought the Product at or exceeding the above-referenced prices because she liked the product for its intended use, expected its smoke flavor to come only from being smoked because that is what the label said, and did not expect to have to strain her eyes to read the ingredient list to learn the truth.

38. Plaintiff was deceived by and relied upon the Products' deceptive labeling.

39. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

40. Had Defendant not violated New York law, Plaintiff would not have been injured.

41. The Product was worth less than what Plaintiff paid for it and they would not have paid as much absent Defendant's false and misleading statements and omissions.

42. Plaintiff lost money because of Defendant's unlawful behavior.

43. Plaintiff intend to, seek to, and will purchase the Product again when she can do so with the assurance that Products' labels are consistent with the Product's ingredients.

Class Allegations

44. The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

45. Plaintiff will seek class-wide injunctive relief based on Rule 23(b) in addition to monetary relief class.

46. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

47. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

48. Plaintiff is an adequate representatives because interests do not conflict with other members.

49. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

50. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

51. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

52. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL"), §§ 349 & 350
(Consumer Protection Statutes)

53. Plaintiff incorporates by reference all preceding paragraphs.

54. Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

55. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

56. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

57. Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Product gets its smoke taste (flavor) from being smoked as opposed to added smoke flavor.

58. Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

59. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Negligent Misrepresentation

60. Plaintiff incorporates by reference all preceding paragraphs.

61. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

62. Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Product gets its smoke taste (flavor) from being smoked as opposed to added smoke flavor.

63. Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

64. This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

65. The representations took advantage of consumers' cognitive shortcuts made at the

point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

66. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

67. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

68. Plaintiff incorporates by reference all preceding paragraphs.

69. The Product were manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

70. Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Product gets its smoke taste (flavor) from being smoked as opposed to added smoke flavor.

71. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

72. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

73. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

74. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding

the Product, of the type described here.

75. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

76. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Fraud

77. Plaintiff incorporates by reference all preceding paragraphs.

78. The amount and proportion of the characterizing component, the smoke flavor, has a material bearing on price and consumer acceptance of the Product and consumers do not expect "smoke flavor" where a food is labeled "Smoked" without more.

79. Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Product gets its smoke taste (flavor) from being smoked as opposed to added smoke flavor.

80. Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label when it knew its statements were neither true nor accurate and misled consumers.

81. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Unjust Enrichment

82. Plaintiff incorporates by reference all preceding paragraphs.

83. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   August 17, 2020

                                              Respectfully submitted,

                                              Sheehan & Associates, P.C.
                                              /s/Spencer Sheehan
                                              Spencer Sheehan
                                              60 Cuttermill Rd Ste 409
                                              Great Neck NY 11021-3104
                                              Tel: (516) 303-0552
                                              Fax: (516) 234-7800
                                              *spencer@spencersheehan.com*
                                              E.D.N.Y. # SS-8533
                                              S.D.N.Y. # SS-2056

1:20-cv-06550
United States District Court
Southern District of New York

Kisha Watson, individually and on behalf of all others similarly situated,

                Plaintiff,

- against -

Dietz & Watson, Inc.,

                Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 303-0552
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: August 17, 2020

                                                  /s/ Spencer Sheehan
                                                  Spencer Sheehan